IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01568-WYD-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHARLES W. LEDFORD, a/k/a "CHARLES WILLIAM," individually and as Trustee of
SERVICE ENGINEERING TRUST; and
LORAINE LEDFORD,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case is a civil action to reduce to judgment federal tax assessments against the defendants and to foreclose related tax liens securing their tax liabilities on certain real property. This matter is before the court on Defendants' "Motion to Dismiss with Prejudice and to Repair, Repay and Restore" (Doc. No. 14) filed April 214, 2008, and Defendants' "Motion for Summary Judgment" (Doc. No. 27) filed July 1, 2008. Jurisdiction is premised upon 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402 and 7403 (2008).

## STATEMENT OF THE CASE

      The following facts are taken from the Complaint and the parties' submissions with respect to this Recommendation. Plaintiff the United States of America has named as defendants Charles W. Ledford and Loraine Ledford. (Compl. to Reduce Fed. Tax Assessments to J. and to

Foreclose Fed. Tax Liens on Real Prop. [hereinafter "Compl."] [filed July 25, 2007].) Plaintiff alleges Defendants were indicted by a federal grand jury on October 4, 2004, on charges, *inter alia*, of conspiring to defraud the United States by impeding the Internal Revenue Service("IRS") in its lawful duties. (Compl. ¶ 8.) Plaintiff asserts subsequent to his indictment, Defendant Charles Ledford entered into a plea agreement on March 25, 2005, wherein he admitted guilt under 18 U.S.C. § 371 for conspiracy to commit tax fraud in the years 1992 through 2002. (*Id*. ¶ 9.) The United States contends that pursuant to the plea agreement, Defendant Charles Ledford also admitted to creating at least eighteen fraudulent "trusts," including Service Engineering Trust., when in actuality, the defendants exercised control over these sham trusts in order to hide assets from the IRS. (*Id.* ¶ 10.)

Plaintiff asserts that Defendants, through their nominee, Service Engineering Trust, acquired an interest in the property that is the subject of this action on March 17, 1993, from GMS, Inc., a Colorado Corporation. (*Id.* ¶ 12.) According to Plaintiff, on March 26, 1993, a Warranty Deed was recorded with the El Paso County Clerk and Recorder, wherein the subject property was conveyed to Service Engineering Trust from GMS, Inc. on March 17, 1993, for consideration in the amount of $112,500. (*Id.* ¶ 13.) Plaintiff asserts that on March 17, 1993, Service Engineering Trust gave Pikes Peak National Bank a Deed of Trust on a Promissory Note in the amount of $73,125, secured by the subject property, with a maturity date of April 2, 2013. (*Id.* ¶ 14.) Plaintiff alleges the Deed of Trust was recorded with the El Paso County Clerk and Recorder on March 23, 1996. (*Id.*)

2

Plaintiff contends that on September 1, 1993, Defendant Charles Ledford gave Mark G. Daly, Trustee of Sonora Trust, a Deed of Trust on a Promissory Note in the amount of $37,000, secured by the subject property, which Deed of Trust was recorded with the El Paso County Clerk and Recorder on September 20, 1993. (*Id.* ¶ 15.) On February 21, 1995, Service Engineering Trust gave Pikes Peak National Bank a Deed of Trust on a Promissory Note in the amount of $25,000, evidencing a revolving line of credit secured by the subject property, with a maturity date of February 21, 1996. (*Id.* ¶ 16.) Plaintiff states this Deed of Trust was recorded with the El Paso County Clerk and Recorder on February 24, 1995. (*Id.*)

On February 21, 1995, a Request for Release of Deed of Trust and Release was executed by Donald J. Piano, TDC Trustee for Sonora Trust, releasing the Deed of Trust on the subject property, dated September 1, 1993, between Defendant Charles Ledford and Mark G. Daly. (*Id.* ¶ 17.) The Request for Release of Deed of Trust and Release was recorded with the El Paso County Clerk and Recorder on June 23, 1995. (*Id.*) Plaintiff alleges that on March 25, 1996, a Request for Release of Deed of Trust and Release was executed by Anne Smelker, Vice President of Pikes Peak National Bank, releasing the Deed of Trust on the subject property, dated February 21, 1995, between Service Engineering Trust and Pikes Peak National Bank. (*Id.* ¶ 18.) This Request for Release of Deed of Trust and Release was recorded with the El Paso County Clerk and Recorder on April 5, 1996. (*Id.*)

Plaintiff contends on March 6, 2002, a Request for Release of Deed of Trust and Release was executed by Robin J. Sapien, Senior Vice President of Pikes Peak National Bank, releasing the Deed of Trust on the subject property, dated March 17, 1993, between Service Engineering

3

Trust and Pikes Peak National Bank. (*Id.* ¶ 19.) This Request for Release of Deed of Trust and Release was recorded with the El Paso County Clerk and Recorder on July 12, 2002. (*Id.*)

Finally, Plaintiff alleges that on June 30, 2003, Service Engineering Trust purported to transfer the subject property via Warranty Deed to "Charles William" for consideration in the amount of "twenty-one dollars in gold and silver coin." (*Id.* ¶ 20.) Plaintiff states the address of "Charles William" contained in the Warranty Deed is the address of the subject property and that the Warranty Deed was signed by "Charles William: Ledford, Trustee, Service Engineering Trust." (*Id.*) Plaintiff asserts this Warranty Deed was recorded with the El Paso County Clerk and Recorder on June 30, 2003. (*Id.*)

Plaintiff has asserted five claims for relief. The first claim for relief seeks to reduce to judgment the federal income tax assessments against Defendant Charles Ledford. (*Id.* ¶¶ 21–24.) The second claim for relief seeks to reduce to judgment the federal income tax assessments against Defendant Loraine Ledford. (*Id.* ¶¶ 25–28.) The third claim for relief seeks to reduce to judgment the federal income tax assessments against Service Engineering Trust. (*Id.* ¶¶ 29–32.) The fourth claim for relief seeks to foreclose federal income tax liens on the subject property. (*Id.* ¶¶ 33–52.) The fifth claim for relief seeks transfer of the real property subject to recorded notices of tax liens. (*Id.* ¶¶ 53–55.)

## PROCEDURAL HISTORY

Plaintiff filed its Complaint on July 25, 2007. (Compl.) Defendants filed their motion to dismiss on April 14, 2008. (Mot. to Dismiss with Prej. and to Repair, Repay and Restore [hereinafter "Mot. to Dismiss"].) Plaintiff filed its response on April 23, 2008. (United States'

Opp'n to Mot. to Dismiss with Prej. and to Repair, Repay and Restore [hereinafter "Resp. Mot. to Dismiss].) Defendants did not file a reply.

Defendants filed their motion for summary judgment on July 1, 2008. (Mot. Summ. J.) Plaintiff filed its response on August 7, 2008. (United States' Resp. to Defs.' Mot. for Summ. J., or in the Alternative, for an Order Pursuant to Fed. R. Civ. P. 56(f) [hereinafter "Resp. Mot. Summ. J."].) Defendants filed their reply on August 22, 2008. (Reply to Resp. Mot. for Summ. J. [hereinafter "Reply Mot. Summ. J."].) These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Defendant*

Because the defendant is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (2007). However, a *pro se* litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*2.* *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

5

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zane v. West Wireless, LLC*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534

F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

3.      *Judgment on the Pleadings*

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Thus, a court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* (internal quotation marks and citation omitted); *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1241 (10th Cir. 2000). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Fed. R. Civ. P. 12(d) further provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Hence, under Rule 12(c), a court should consider only matters referred to or incorporated by reference in the pleadings or attached to the answer or complaint. *Park Univ. Enters., Inc.*, 442 F.3d at 1244; *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

7

### *3.    Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**ANALYSIS**

*1.    Motion to Dismiss*

Defendants seek to dismiss the complaint for failure to state a claim. (Mot. to Dismiss ¶ 1.) Defendants also seek affirmative relief from the court. (*Id.* ¶¶ B–J.) Plaintiff asserts the motion is devoid of merit and should be denied because (1) Defendants' motion is procedurally improper under Rule 12(b); (2) the United States has adequately stated its claims against the defendants; and (3) the court does not have jurisdiction over the additional claims improperly set forth in defendants' motion. (Resp. Mot. to Dismiss at 1–5.)

   A.    *Defendants' motion is procedurally improper under Rule 12(b), but it will be treated as a motion filed under Rule 12(c).*

A motion asserting the defense of failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). This requires the assertion of an affirmative defense within the time frame required for answering, either in the answer or by separate motion, or the defense may be waived or brought in another manner contemplated by Fed. R. Civ. P. 12(h) (stating that failure to state a claim may be brought in a pleading, which is defined in Rule 7(a), by motion for judgment on the pleadings, or at trial). *Echostar Satellite, LLC v. Persian Broadcasting Co., Inc.*, 2006 WL 446087, at *2 (D. Colo. Feb. 22, 2006).

Strict interpretation of the timing provision of Rule 12(b) could lead to the conclusion that the court should deny as untimely any motion made after a responsive pleading. However, courts have allowed such motions if the defense has been previously included in the Answer.

*Rodgers v. D.F. Freeman Contractors, Inc.*, 1989 WL 134280, at *1 (D. Kan. Oct. 31, 1989) (citing 5B WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1357). More importantly, the language of Rule 12(b) must be read in conjunction with the language of Rule 12(h)(2), which preserves Rule 12(b)(6) motions from waiver and permits such motions to be made at any time up to and including trial. (*Id.*) (citing *Miller v. Cudahy Co.*, 656 F. Supp. 316, 322–23 (D. Kan. 1987), aff'd in part, rev'd in part, 858 F.2d 1449 (10th Cir. 1988)). This liberal language of Rule 12(h) allows Rule 12(b)(6) motions to "be considered by the court even when interposed after the responsive pleading has been filed." *Id.* (citing WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1361). Rule 12(h)(2) permits the court to consider a defense of failure to state a claim upon which relief can be granted within a Rule 12(c) motion for judgment on the pleadings, and, therefore, the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c). *Crawford v. Plumm*, 2003 WL 22849183, at*1 (D. Kan. Nov. 24, 2003).

Defendants filed their Answer to the Complaint on December 10, 2007. (Resp'ts' Answer to Compl. [hereinafter "Answer].) It appears Defendants did not preserve the defense of failure to state a claim upon which relief can be granted. However, the court will treat Defendants' motion to dismiss as one filed under Rule 12(c).

### B.     *Plaintiff has adequately stated its claims for relief.*

Plaintiff argues Defendants' motion to dismiss should be denied because the defendants have made unsubstantiated factual allegations without any valid legal, evidentiary, or factual basis. (Resp. Mot. to Dismiss at 3–4.) Defendants contend that "there has never been nor is

10

there currently a tax loss to the United States by Respondents." (Mot. to Dismiss ¶ A2.) Defendants also contend they were "'whip-sawed' with inaccurate, inflated, overstated tax assessment amounts" that the IRS has not resolved despite the passage of ten years. (*Id.* ¶ A3.) Finally, the defendants contend that the Office of the Chief Counsel of the IRS proclaimed the defendants as "devout tax protestors," a "false, absurd and libelous claim" which may have been used in conjunction with the "inaccurate, inflated, overstated, 'whip-saw' assessments" to initiate this case against the defendants. (*Id.* ¶ A4.)

The court agrees with Plaintiff that these contentions are insufficient to warrant dismissal. The court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Nelson*, 419 F.3d at 1119. "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters.*, 442 F.3d at 1244. In this case, Defendants have failed to meet this burden. Accordingly, Defendants' motion to dismiss is properly denied.

### C. *Defendants' remaining assertions are improper in the context of a motion to dismiss.*

The remainder of Defendants' motion to dismiss sets forth requests for affirmative relief in the form of an order requiring the United States to (1) accept certain tax returns (Mot. to Dismiss ¶ B); (2) set aside tax penalties and interest (Mot. to Dismiss ¶ C); (3) release all tax liens (Mot. to Dismiss ¶ D); (4) repair, repay, and restore defendants for losses due to Defendant Charles Ledford's alleged wrongful criminal conviction (Mot. to Dismiss ¶ H); (5) provide

Defendants with an itemized statement of their tax history; and (6) answer certain questions propounded by them in their motion (Mot. to Dismiss ¶ J).

The defendants also request affirmative relief related to Defendant Charles Ledford's criminal case in the United States District Court for the District of Colorado. Specifically, Defendants request that the court (1) overturn and/or set aside restitution ordered in the criminal case (Mot. to Dismiss ¶ E); (2) order complete and immediate release of Defendant Charles Ledford from probation and federal custody (Mot. to Dismiss ¶ F); and (3) overturn and/or set aside Defendant Charles Ledford's conviction (Mot. to Dismiss ¶ G).

"Affirmative relief" is defined as "[t]he relief sought by a defendant by raising a counterclaim or crossclaim that could have been maintained independently of the plaintiff's action." BLACK'S LAW DICTIONARY 1293 (17th ed. 1999). The defendants have not filed a counterclaim. A motion to dismiss is not the proper avenue for obtaining the affirmative relief sought by the defendants. In addition, to the extent Defendant Charles Ledford requests that the court order affirmative relief related to his criminal conviction, this civil action is not the appropriate forum. The proper avenues for the relief sought are post-conviction remedies such as a direct appeal or a motion to vacate his conviction or sentence.

## 2. *Motion for Summary Judgment*

In their motion for summary judgment, Defendants assert there are no disputed material facts remaining because (1) there are no outstanding and unpaid assessments or tax liability with respect to the defendants; (2) the assessments were never served on the defendants; and (3) the penalty assessments in the Complaint are outside the ten-year statute of limitations period. (Mot.

Summ. J. ¶ 1.) Plaintiff argues that the defendants have not met their burden for summary judgment and that existing disputes of material facts warrant denial of the motion. (Resp. Mot. Summ. J. at 9–14.)

### A. *Defendants have not established that summary judgment is appropriate as a matter of law.*

In order for summary judgment to be appropriate, the moving party must present evidence to show there is no material fact in dispute. Fed. R. Civ. P. 56. The moving party has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). "The moving party may carry its initial burden by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Id.* In addition, the moving party must make more than simple conclusory assertions that there are no material facts in dispute. *Windon Third Oil & Gas Drilling P'ship v. F.D.I.C.*, 805 F.2d 342, 345–46 n.7 (10th Cir. 1986) (quotation omitted).

In their motion, Defendants provide evidence in the form of an affidavit of Defendant Charles Ledford. (Mot. Summ. J., Aff. of Charles Ledford ][hereinafter "Ledford Aff."].) Plaintiff asserts that this affidavit is "self-serving, conclusory and uncorroborated." (Resp. Mot. Summ. J. at 9–10.) Plaintiff further argues that the assertions that Defendant Charles Ledford "does not have any outstanding tax liabilities is belied by the fact that . . . Mr. Ledford pleaded guilty to conspiracy to defraud the United States. . . ." (*Id.* at 10.) In support of this argument,

Plaintiff attaches the plea agreement signed on March 25, 2005, in which Mr. Ledford agreed and stipulated that the amount of tax loss to the Internal Revenue Service was $506,000 for the tax years 1992 through 1995. (*Id.*, Decl. of Karen Pound [hereinafter "Pound Decl."], Ex. 24 at 2.) Plaintiff also attaches the transcript of Mr. Ledford's sentencing hearing, in which he "iterated his commitment to the original stipulation made in the plea agreement to a tax loss of $506,000." (*Id.*, Ex. 25 at 4.) The court agrees with Plaintiff that Defendant Charles Ledford's affidavit is self-serving, conclusory, and uncorroborated. Defendants have failed to meet their burden of establishing that summary judgment is appropriate as a matter of law by producing any affirmative evidence negating an essential element of Plaintiff's claims or by showing that Plaintiff does not have enough evidence to carry its burden of persuasion at trial.

### A. *Material facts exist that warrant denial of the summary judgment motion.*

Plaintiff asserts the motion for summary judgment should be denied because material facts exist as to each of the arguments presented by Defendants in their motion for summary judgment. (Resp. to Mot. Summ. J. at 11–14.) First, as to Defendants' assertion that there are no tax assessments owed by the defendants and that the defendants did not receive notice of the assessments, Plaintiff attaches extensive documentation to dispute these assertions. (*Id.*, Pound Decl., Exs. 1–22.) Second, as to Defendants' assertion that the claims seeking to reduce to judgment the civil penalties assessed against Defendant Charles Ledford for the years 1983 through 1992 are outside the applicable statute of limitations period, Plaintiff attaches the affidavit of Ginger L. Wray, an IRS officer, to dispute this assertion. (*Id.*, Decl. of Ginger L. Wray [hereinafter "Wray Decl."], Ex. 24 at 2.)

Moreover, in their summary judgment motion, Defendants assert sixteen material facts supporting their motion. (Mot. Summ. J. ¶¶ 8–24.) Plaintiff denies fourteen of the sixteen facts asserted by Defendants. (Resp. Mot. Summ. J at 3–6, ¶¶ 8–24.) Plaintiff admits one fact that it asserts is not material to this action (*id.* at 6, ¶ 24) and admits another fact regarding tax assessments that were abated and then reinstated (*id.* at 5, ¶ 19). Plaintiff also asserts four additional disputed facts. (*Id.* at 6–8, ¶¶ 1–4.)

Again, Defendants have failed to meet their burden of establishing that summary judgment is appropriate as a matter of law by producing any affirmative evidence negating an essential element of the plaintiff's claims or by showing that the plaintiff does not have enough evidence to carry its burden of persuasion at trial. Therefore, Defendants' summary judgment motion is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1. Defendants' "Motion to Dismiss with Prejudice and to Repair, Repay and Restore" (Doc. No. 14) be DENIED; and

2. Defendants' "Motion for Summary Judgment" (Doc. No. 27) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2009.

                        **BY THE COURT:**

                        */s/ Kathleen M. Tafoya*
                        Kathleen M. Tafoya
                        United States Magistrate Judge