IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01568-WYD-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES W. LEDFORD, a/k/a "CHARLES WILLIAM," individually and as Trustee of SERVICE ENGINEERING TRUST; and
LORRAINE LEDFORD,

    Defendants.

**ORDER AFFIRMING AND ADOPTING AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

I.    <u>INTRODUCTION</u>

This matter is before the Court on Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (docket #89), which was filed on June 30, 2009 ("Motion for Summary Judgment"). The matter was referred to Magistrate Judge Tafoya for a Recommendation by Order of Reference dated June 30, 2009. Magistrate Judge Tafoya issued an Amended Recommendation on November 12, 2009, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1),Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that Plaintiff's Motion for Summary Judgment be granted as follows: (1) summary judgment should be granted in favor of Plaintiff on its claim to reduce the penalties for the 1983 through 1992 tax years to judgment; (2) summary judgment should be granted in Plaintiff's favor

reducing the tax assessments against Defendant Charles Ledford's individual income tax liabilities for 1998, 1999, 2001, and 2002, and the tax assessments against Defendants Charles and Loraine Ledford for 1993, 1994, and 1995 to judgment; (3) summary judgment should be granted in favor of Plaintiff on its claim to reduce the penalties against Defendant Service Engineering Trust on the tax assessments for 1993, 1994, and 1995, excluding the July 15, 1994 assessment, and any interest and penalties arising therefrom; and (4) the Court should order that the United States' federal tax liens be foreclosed upon the real property that is the subject of this case. Plaintiff shall submit a proposed Order of Foreclosure and Decree of Sale setting forth the terms and conditions of the sale of the property. (Amended Recommendation at 24-25.)

Magistrate Judge Tafoya advised the parties that they had ten (10) days to serve and file written, specific objections to the Amended Recommendation. (*Id.* at 25-26.) On November 23, 2009, Defendants filed timely objections which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.  BACKGROUND

On October 4, 2004, the Defendants, Charles and Loraine Ledford, were indicted by a federal grand jury on various charges including conspiracy to defraud the United States by impeding the Internal Revenue Service ("IRS") in its lawful duties. Charles Ledford entered into a plea agreement and pleaded guilty to conspiracy to commit tax

fraud in the years 1992 through 2002 in violation of 18 U.S.C. § 371. Magistrate Judge Tafoya noted in her Amended Recommendation that "[i]n the plea agreement signed by Charles Ledford on March 25, 2005, Ledford agreed and stipulated that the amount of tax loss to the Internal Revenue Service was $506,000 for the tax years 1992 through 1995." (Amended Recommendation at 5.) At Charles Ledford's "criminal sentencing hearing held on June 27, 2006, the District Judge stated that Ledford 'iterated his commitment to the original stipulation made in the plea agreement to a tax loss of $506,000.'" (*Id.*) Charles Ledford stipulated to the following facts in the plea agreement: "that after 1992 he and his wife created more than seventeen 'trusts' in an effort to hide assets and income, including the formation of Service Engineering Trust in 1993; that he and his wife had not filed personal income tax returns for the years 1993 through 1995; that he and his wife concealed their income by taking distributions from the various trusts, including Service Engineering Trust; and that they enjoyed complete control of the trusts." (*Id.* at 5-6.) Magistrate Judge Tafoya also noted that Charles Ledford's criminal conviction has never been appealed, set aside, or collaterally attacked through any other means. (*Id.* at 6.)

Plaintiff filed the instant civil action seeking to reduce the Defendants' outstanding and unpaid federal tax assessments to judgments and to foreclose federal tax liens on real property. The real property that is the subject of this action is commonly referred to as 2925 King Street, Colorado Springs, Colorado.

III.     AMENDED RECOMMENDATION

As stated earlier, Magistrate Judge Tafoya recommends that Plaintiff's Motion for

Summary Judgment be granted in its entirety. (*Id.* at 24.) In her Amended Recommendation, Magistrate Judge Tafoya made the following findings of fact relevant to the pending Motion for Summary Judgment. The Defendant "Charles Ledford is the current owner of record of the subject property, having a deed recorded purportedly transferring the property from Service Engineering Trust to 'Charles William' in 2003." (*Id.* at 2.) Magistrate Judge Tafoya found that the Defendants "filed federal income tax returns until approximately 1993. In 1992 and 1993, Charles Ledford became involved with various organizations and came to believe that he was not 'a person to be made liable' to pay federal income tax." (*Id.* at 2.) The Defendants "began filing federal returns which reported no taxable income and/or to claim exemption as 'Non-resident Aliens.'" (*Id.* at 3.) "In 1994, the Ledfords attempted to amend ten years of previously filed returns by filing 1040NRs (Non-resident Alien Income Tax Returns) for the tax years 1983 through 1992, claiming they were residents of Colorado but not of the United States." (*Id.* at 3.)

In 1995, the Internal Revenue Service commenced an examination of the Ledfords' federal income tax returns. Revenue Agent William Becker initially focused his examination on income generated by Service Engineering, a business established by Charles Ledford in 1979. In 1981, Charles Ledford incorporated Service Engineering and reorganized the business as a trust in 1993. "Revenue Agent Becker's examination resulted in a determination that Service Engineering owed taxes for 1993, 1994, and 1995 in the amounts of $143,545, $109,417, and $138,506 respectively excluding penalties and interest." (*Id.* at 4.) Agent Becker's examination also "resulted in a

determination that Service Engineering Trust was an alter ego or 'grantor trust,' or a sham trust in which all day-to-day operations were conducted by and for the benefit of the Ledfords." (*Id.* at 4.)

Revenue Agent Becker's examination further revealed that Charles Ledford's outstanding tax liabilities totaled $531,268 while Loraine Ledford's outstanding tax liabilities exceeded $531,000. "After the Ledfords received Statutory Notices of Deficiency pursuant to 26 U.S.C. § 6213 in 1998 with regard to their outstanding income tax liabilities related to the 1993, 1994, and 1995 tax years, the Ledford's mailed a 'Notice of Fraud' to the IRS, in which they claimed that the Notice of Deficiency constituted an act of fraud." (*Id.* at 5.)

Magistrate Judge Tafoya found that both Defendants have outstanding and unpaid assessments. Both Defendants were served notice of the assessments. The Forms 4340, mailed to each Defendant, indicated that a legal suit was pending in 1999. The Defendants requested and "received an administrative Collection Due Process hearing, and eventually instituted a Tax Court proceeding." (*Id.* at 6.) "Defendants received a Notice of Deficiency in January of February 1998." (*Id.*) In her Amended Recommendation, Magistrate Judge Tafoya set forth three detailed tables of accounting, which indicate the outstanding tax liabilities, calculated through July 1, 2009, of Charles Ledford, Loraine Ledford, and Service Engineering Trust. (*See id.* at 7-8.)

A.  Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

"[The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with

respect to which she has the burden of proof." *Id.* at 323.

      B.    <u>Civil Penalties for Filing of Frivolous Returns</u>

First, Magistrate Judge Tafoya addressed Plaintiff's argument that it is entitled to summary judgment as to Defendant Charles Ledford's liabilities for the filing of frivolous returns from 1983-1992 pursuant to 26 U.S.C. § 6702. Section 6702 (as it existed as the time of the subject assessments) provided for the imposition of a civil penalty of $500 if

> (1) any individual files what purports to be a return of the tax imposed by subtitle A but which–
>     (A)    does not contain information on which the substantial correctness of the self-assessment may be judged, or
>     (B)    contains information that on its face indicates that the self-assessment is substantially incorrect; and
> (2) the conduct referred to in paragraph (1) is due to–
>     (A)    a position which is frivolous, or
>     (B)    a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws.

28 U.S.C. § 6702 (amended 2006).

In conducting her analysis, Magistrate Judge Tafoya found that Defendants' filings qualify as purported federal tax returns. (Amended Recommendation at 12.) As previously stated, Defendants filed Form 1040 income tax returns in 1983-1992. In 1994, the Ledfords "attempted to amend these tax returns by filing 1040NRs for the tax years 1983 through 1992, claiming they were residents of Colorado but not of the United States." (*Id.*) The Defendants received notice from the IRS requesting that they withdraw the Forms 1040NR because they were deemed frivolous filings, as the

Defendants were, in fact, United States citizens. "Defendants did not withdraw the Forms 1040NR." (*Id.*)

### 1. Forms 1040NR for 1990 and 1991

Magistrate Judge Tafoya found that "[t]he crucial inquiry pertinent to the assessment of the frivolous return penalty under 26 U.S.C. § 6702 is whether the purported return lacks 'information on which the substantial correctness of the self-assessment may be judged.'" *Borgeson v. United States*, 757 F.2d 1071, 1073 (10th Cir. 1985) (citing 26 U.S.C. § 6702). Magistrate Judge Tafoya concluded that "the 1040NR Forms for the tax years 1990 and 1991 do not provide information upon which the IRS could judge the return's correctness." (Amended Recommendation at 13.) Magistrate Judge Tafoya also found that the "Forms 1040NR for the tax years 1990 and 1991 were based on the frivolous position that the authority of the United States is confined to the District of Columbia. Many courts have made it clear that this argument is completely lacking in legal merit and patently frivolous." (*Id.*)

### 2. Forms 1040NR for Tax Years Other Than 1990 and 1991

Magistrate Judge Tafoya noted that Plaintiff failed to provide any of the 1040NR Forms for the tax years other than 1990 and 1991. Instead, Plaintiff submitted "Certificates of Assessments and Payments (Forms 4340) signed by an IRS officer certifying that they are true transcripts of all the assessments, penalties, interest, and payments on record for the tax years in question, and contain information identifying Defendant Charles Ledford, a description of a 'Miscellaneous Penalty IRC 6702 Penalty for Filing Frivolous Income Tax Return', the taxable period, and the date and amount of

the penalty." (*Id.* at 13) (internal citations omitted). The Defendants objected to the propriety of the Forms 4340. Magistrate Judge Tafoya rejected all of Defendants' arguments, finding that the "Forms 4340 are admissible evidence pursuant to Fed. R. Evid. 803(6) and (8) and are the proper means of establishing the facts of the administrative assessment, and notice and demand for payment." (*Id.* at 14.) Accordingly, Magistrate Judge Tafoya concluded that Plaintiff satisfied its burden as to the penalty assessments for the years 1983 through 1992. (*Id.*)

The Defendants also claimed that the assessments are barred by the statute of limitations. "Generally, an action may be brought in court to collect an assessed liability within ten years from the date of assessment." (*Id.*; 26 U.S.C. § 6502(a)(1)). "The statute of limitations for collection is suspended during the time that a Collection Due Process ("CDP") proceeding and any appeal therefrom is pending." (*Id.*; 26 U.S.C. § 6330(e)(1)). "In addition to this tolling period, the statute of limitations cannot expire before the ninetieth day after the day of a final determination on the hearing." (*Id.*)

Magistrate Judge Tafoya rejected this argument. She concluded that "[t]he assessments for the 1983 through 1992 tax years were made on May 13, 1996." (Amended Recommendation at 14.) She further noted that on December 20, 2000, Charles Ledford requested a CDP hearing in response to the Notice of Federal Tax Lien. On February 4, 2002, a Notice of Determination regarding the assessments was sent to the Defendants, which became final thirty days later. (*Id.* at 15.) Magistrate Judge Tafoya found that "[t]his thirty days, along with the 411 days from December 20, 2000, to February 4, 2002, tolled the ten-year collection period 441 days beyond May

13, 2006, until July 28, 2007. This court need not add in the additional ninety days, as Plaintiff's case, filed on July 25, 2007, is just within the ten-year period for collection of the civil penalties assessed against Defendant Charles Ledford for the years 1983 through 1992." (*Id.*)

Finally, Magistrate Judge Tafoya rejected Defendants' argument that the criminal conviction against Defendant Charles Ledford precluded civil collection of the assessments. She found that "[t]he civil and criminal tax penalties created by Congress can be used singly or in combination to induce compliance with the income tax law and to provide a penalty suitable to every degree of delinquency." (*Id.*) Invocation of either a civil, or criminal sanction, does not exclude resort to the other, as these sanctions may be used in combination to accomplish the objective of compliance." (*Id.*) Thus, Magistrate Judge Tafoya concluded that "neither *res judicata* nor double jeopardy applies." (*Id.*)

Magistrate Judge Tafoya rejected the remaining arguments posited by the Defendants. She stated that they "are nonsensical, meritless, and oft-repeated tax protester arguments that have long been rejected by the federal courts as 'patently frivolous.'" (*Id.* at 16.) Defendants have the burden of overcoming the presumption that the IRS's tax assessments are correct. Based on Defendants' failure to offer any evidence refuting the accuracy of the tax assessments, Magistrate Judge Tafoya concluded that there is no genuine issue of material fact regarding the assessments. Thus, she recommends that summary judgment be granted in favor of the Plaintiff on its claim to reduce the penalties for the 1983 through 1992 tax years to judgment in the

amount of $12,552.60, plus statutory interest and other additions allowed by law.

      C.    <u>Defendant Charles Ledford's Individual Income Tax Liabilities for 1998, 1999, 2001, and 2002 and Both Defendant Charles and Loraine Ledfords' Tax Assessments for 1993, 1994, and 1995</u>

Magistrate Judge Tafoya next addressed Plaintiff's claim that it is entitled to summary judgment reducing to judgment the tax assessments against: (1) Defendant Charles Ledford for 1998, 1999, 2001, and 2002 and (2) Defendants Charles and Loraine Ledford for 1993, 1994, and 1995. Plaintiff submitted the Forms 4340 for all of the relevant tax years. Magistrate Judge Tafoya found that the Forms 4340 identify the Defendants, describe the character of their tax liabilities, state the tax time periods at issue, state the outstanding amount, and are signed by an assessment officer. (*Id.* at 17.) Thus, Magistrate Judge Tafoya concluded that "the Forms 4340 are presumptive proof of the validity of the assessments at issue." (*Id.*)

Magistrate Judge Tafoya rejected Defendants' argument that they never received notice of the assessments. She found that "Defendants have received numerous copies of the Forms 4340 in the course of this litigation, including copies filed on the record." (*Id.*) "These documents constitute the record of assessments. Defendants have asserted and continue to assert that they are entitled to an obsolete Form 23C, and this court has already found that Defendants are not entitled to the Form 23C." (*Id.* at 18) (internal citations omitted). Magistrate Judge Tafoya further noted that

> Defendants returned the notices dated January 23, 1998 "for cause" with the notation that the IRS had used a "fictitious name" and "fictitious address." Defendants also returned a notice dated January 23, 1996, along with letters

> dated February 3, 1998, alleging the IRS had committed
> "fraud." Additionally, Defendants sought to challenge the
> assessments through the legal process, and Defendants
> Charles and Loraine Ledford were defendants in a criminal
> trial involving certain assessments (1993, 1994, and 1995)
> that are at issue in this case.

(*Id.*) (internal citations omitted).

Finally, Magistrate Judge Tafoya rejected Defendants' claim that the relevant tax assessments are barred by the statute of limitations. She concluded that the earliest assessments against the Defendants for the 1993, 1994, and 1995 tax years were made on June 22, 1998, thus, Plaintiff filed its claim "well within the ten-year period for collection of taxes set forth in 26 U.S.C. 6502(a)(1)." (*Id.* at 19.) Finding no evidence in the record to rebut the presumptions, Magistrate Judge Tafoya recommends that summary judgment be entered for the Plaintiff and that the tax assessments be reduced to judgments against Defendant Charles Ledford for the tax years 1998, 1999, 2001, and 2002. She also recommends that the tax assessments be reduced to judgments against both Defendant Charles Ledford and Loraine Ledford for the tax years 1998, 1999, 2001, and 2002. (*Id.*)

Accordingly, Magistrate Judge Tafoya recommends that judgment should be entered against Defendant Charles Ledford in the amount of $14,277.14, plus statutory interest and other additions allowed by law for the tax years 1998, 1999, 2001, and 2002. Judgment should be entered against Defendant Charles Ledford in the amount of $2,102,530.79, plus statutory interest and other additions allowed by law for the tax years 1993, 1994, and 1995. Judgment should be entered against Defendant Loraine Ledford in the amount of $2,002,158.16, plus statutory interest and other additions

allowed by law for the tax years 1993, 1994, and 1995. (*Id.*)

        D.    <u>Service Engineering's Tax Assessments for 1993, 1994, and 1995</u>

Magistrate Judge Tafoya further recommends that Plaintiff's Motion for Summary Judgment be granted against Defendant Service Engineering Trust on the tax assessments for 1993, 1994, and 1995. Defendant Service Engineering Trust failed to file an answer or otherwise respond to the Complaint. Magistrate Judge Tafoya concluded that Plaintiff "presented evidence to support its request that the court reduce the tax assessments against Defendant Service Engineering Trust to judgment." (*Id.* at 20.) Specifically, Magistrate Judge Tafoya found that Plaintiff submitted proper Forms 4340; the notices and demand for payment were properly sent; "and that Service Engineering Trust is presumptively liable for the unpaid taxes, penalties, and interest shown on the respective certificates." (*Id.*) Magistrate Judge Tafoya also concluded that the action for collection of the assessments was well within the ten-year statute of limitations period. (*Id.* at 20-22.)

Accordingly, Magistrate Judge Tafoya recommends that summary judgment be granted in favor of Plaintiff on its claim to reduce the penalties against Defendant Service Engineering Trust on the tax assessments for 1993, 1994, and 1995 (excluding the July 15, 1994 assessment) and any interest and penalties arising therefrom.

        E.    <u>Foreclosure and Order for Judicial Sale</u>

Finally, Magistrate Judge Tafoya addressed Plaintiff's claim to foreclose its federal tax liens and for an order for judicial sale of the King Street property pursuant to 26 U.S.C. § 7403. "Upon notice and demand for payment, a lien for taxes arises upon

'all property and rights to property, whether real or personal' of a delinquent taxpayer at the time the assessment is made and continues until the assessed tax liability is satisfied or becomes unenforceable for lapse of time." (*Id.* at 22) (citing 26 U.S.C. §§ 6321 and 6322). "Once a lien is established pursuant to 26 U.S.C. § 6321, Title 26 U.S.C. § 7403 authorizes a sale of the property to satisfy the delinquent taxpayer's debt." (*Id.* at 22.)

Magistrate Judge Tafoya analyzed the instant facts and relevant controlling law and determined that "[a]ll of the elements necessary for the Court to order a judicial sale under 26 U.S.C. § 7403 are present: (1) the Defendants have refused and neglected to pay their federal tax liabilities; and (2) liens for those tax liabilities have arisen against all of their property and rights to property, including the subject property." (*Id.* at 23.) Magistrate Judge Tafoya recommends that "[t]he subject property should be sold at auction with the proceeds to be distributed first to the allowed costs of sale and second to the United States, with the United States applying its share of the sale proceeds to the balance of the Defendants' unpaid tax liabilities until the funds are exhausted." (*Id.*)

IV.   DEFENDANTS' OBJECTIONS

On November 23, 2009, Defendants filed timely objections to Magistrate Judge Tafoya's Amended Recommendation. As a preliminary matter, I point out that it was difficult to determine what Defendants' specific objections to Magistrate Judge Tafoya's Amended Recommendation were. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. Further, at

least one court has stated that arguments not provided to the attention of the magistrate judge will not be considered in connection with review of nondispositive motions. *Claytor v. Computer Associates Intern., Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003). "The court reiterates that this is not a de novo review permitting a 'second shot' based on new arguments." *Id.* (citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000)).

Here, Defendants' objections consist of numerous conclusory statements without any supporting argument or evidence. The Defendants spend considerable time reiterating their assertions that they are not "persons made liable" under the federal tax laws and the tax powers of the federal government are confined to the District of Columbia. As Magistrate Judge Tafoya noted, these tax protestor arguments have been rejected as meritless and frivolous by many courts including the Tenth Circuit. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). "[C]ourts . . . are not required to expend judicial resources endlessly entertaining repetitive arguments." *Id.* Accordingly, I summarily overrule any objections relating to tax protestor arguments that have already been rejected by a multitude of courts.

Defendants' remaining objections include the following continued assertions: (1) that they never received notice of the Forms 4340 and (2) that when Defendants requested a Form 23C-Assessment, "the IRS said that the Form 23C was 'obsolete' and was no longer being used." (Objections at 11.) Defendants again argue that the Form 23C is not obsolete and the court erred in allowing "the Forms 4340 to be introduced in this case." (*Id.*) Essentially, the Defendants claim that the Forms 4340 admitted in this

case are not accurate assessments and omit payments made by the Defendants. Along with their objections, the Defendants submit copies of documents purporting to be RACS006 (Summary Record of Assessments). The Defendants contend that these documents call into question the validity of the Forms 4340.

I find little merit to Defendants' objections. First, Magistrate Judge Tafoya specifically addressed and rejected Defendants' argument that they never received notice of the Forms 4340. Nowhere in the objections do the Defendants claim that Magistrate Judge Tafoya's analysis and conclusions were made in error. They simply re-assert the same contention that they never received notice. I agree with Magistrate Judge Tafoya that the record is replete with evidence that the Defendants received clear notice of the Forms 4340.

Second, Magistrate Judge Tafoya also rejected Defendants' argument that they are entitled to the obsolete Form 23C because the Forms 4340 contain inaccurate tax assessments. The Defendants fail to offer any supporting documentation to refute Magistrate Judge Tafoya's detailed findings that the Forms 4340 are presumptive proof of valid tax assessments. Importantly, it does not appear that the RACS006 documents attached to the objections were ever introduced in the discovery phase of this case. Thus, Magistrate Judge Tafoya did not have the opportunity to review these documents or determine their authenticity. As I previously noted, arguments not provided to the attention of the magistrate judge will not be considered in connection with review of nondispositive motions. *See Claytor*, 211 F.R.D. at 667. "[T]his is not a de novo review permitting a 'second shot' based on new arguments." *Id.* Accordingly, I overrule the

remaining objections posited by the Defendants.  I agree with Magistrate Judge Tafoya that the Forms 4340 are presumptive proof that the assessments at issue are valid, and I find that there has been no admissible evidence proffered to the contrary.

Accordingly, I find that Magistrate Judge Tafoya's Amended Recommendation is well-reasoned and proper.  To the extent that Defendants assert any other objections, they are overruled as general, conclusory statements without citing any proper support.

V.      CONCLUSION

After carefully reviewing Magistrate Judge Tafoya's Amended Recommendation and Defendants' objections, I agree with Magistrate Judge Tafoya that Plaintiff's Motion for Summary Judgment should be granted for the reasons stated in both the Amended Recommendation and this Order.  Magistrate Judge Tafoya's Amended Recommendation is thorough, well reasoned and is adopted.  Accordingly, Defendants' objections are overruled.   For the reasons stated above, it is

ORDERED that the Amended Recommendation of United States Magistrate Judge Tafoya (docket #101) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Plaintiff's Motion for Summary Judgment (docket #89) is **GRANTED** as set forth in the Amended Recommendation at pages 24-25.

Dated: March 3, 2010

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief United States District Judge