IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01568-WYD-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHARLES W. LEDFORD, a/k/a "CHARLES WILLIAM," individually and as Trustee of
SERVICE ENGINEERING TRUST; and
LORAINE LEDFORD,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the Court on Defendants' "Mandatory Judicial Notice of Law to this Court; Court Lacks Subject Matter Jurisdiction and Motion/Demand to Vacate Void Judgment" (Doc. No. 142 [Mot.], filed August 1, 2012). Plaintiff filed its response on September 5, 2012. (Doc. No. 146 [Resp.].)

This case is a civil action to reduce to judgment federal tax assessments against the defendants and to foreclose related tax liens securing their tax liabilities on certain real property. (*See* Doc. No. 1.) Chief District Judge Wiley Y. Daniel entered a Judgment in favor of Plaintiff well over two years ago, on March 11, 2010 (Doc. No. 107), and entered an Amended Judgment on April 30, 2012 (Doc. No. 114).

Defendants now seek to void the judgment entered against them under Federal Rule of Civil Procedure 60(b)(4)[1] on the grounds that this Court did not have jurisdiction over the case. Chief Judge Daniel previously denied Defendants' Motion to Dismiss, wherein Defendants made the same argument. (*See* Doc. Nos. 14 and 72.) Moreover, the Tenth Circuit has consistently rejected such arguments as lacking in legal merit and patently frivolous. *See, e.g*, *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (citing cases).

Rule 60(b)(4) requires the movant to demonstrate that there was a defect in the integrity of the Court's original order, making the judgment void. *See United States v. Eaton*, 223 F. App'x 798 (10th Cir. 2007). Defendants have presented no new facts or allegations to support relief under Rule 60(b)(4). Therefore, Defendants' motion to vacate under Rule 60(b)(4) should be denied.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Defendants' "Mandatory Judicial Notice of Law to this Court; Court Lacks Subject Matter Jurisdiction and Motion/Demand to Vacate Void Judgment" (Doc. No. 142) be **DENIED**.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

---

[1] The court notes that Defendants could not seek a motion to vacate under Fed. R. Civ. P. 60(b)(1), (2) or (3), which require a motion for relief to be filed no more than a year after the entry of the judgment.

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of September, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge