IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01568-WYD-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHARLES W. LEDFORD, a/k/a "CHARLES WILLIAM," individually and as Trustee of
SERVICE ENGINEERING TRUST; and
LORRAINE LEDFORD,

      Defendants.

---

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on Defendants' "Mandatory Judicial Notice of Law

to this Court; Court Lacks Subject Matter Jurisdiction and Motion/Demand to Vacate

Void Judgment", filed August 1, 2012 (the "Motion").  (ECF No. 142).  On August 2,

2012, the Motion was referred to Magistrate Judge Tafoya for a Recommendation.  On

September 13, 2012,  Magistrate Judge Tafoya issued a Recommendation, which is

incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1),Fed. R. Civ. P. 72(b),

D.C.COLO.LCivR. 72.1.  Magistrate Judge Tafoya recommends therein that

Defendants' Motion be denied.  (Recommendation at 2).

Magistrate Judge Tafoya advised the parties that they had ten (10) days to serve

and file written, specific objections to the Recommendation.  (Recommendation at 3-4).

On September 25, 2012, Defendants filed timely objections which necessitates a *de*

*novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

By way of background, on October 4, 2004, the Defendants, Charles and Loraine Ledford, were indicted by a federal grand jury on various charges including conspiracy to defraud the United States by impeding the Internal Revenue Service ("IRS") in its lawful duties. Charles Ledford entered into a plea agreement and pleaded guilty to conspiracy to commit tax fraud in the years 1992 through 2002 in violation of 18 U.S.C. § 371. The United States filed the instant civil action seeking to reduce the Defendants' outstanding and unpaid federal tax assessments to judgments and to foreclose federal tax liens on real property. On March 3, 2010, I issued an Order Affirming the Recommendation of United States Magistrate Judge Tafoya, which granted the United States' Motion for Summary Judgment. (ECF No. 106). Essentially, I affirmed Magistrate Judge Tafoya's findings that the Defendants had outstanding and unpaid tax assessments and were appropriately served with those assessments.

Turning to the Defendants' pending Motion, Magistrate Judge Tafoya recommends that Defendants' request to void the judgment entered against them under Federal Rule of Civil Procedure 60(b)(4) be denied. Defendants object, challenging the jurisdiction of this Court "for failure to uphold due process of law, and hereby state that, absent bona fide jurisdiction, proven on the record by the moving party, the court lacked authority to proceed in this instant matter *ab initio.*" (Objection at 13). Thus, Defendants request that I vacate the "void judgment" in this case. (Objection at 13).

I note that "[r]elief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. Rule 60(b)(1) permits a court to set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect." As to Rule 60(b)(4), "[a] judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'" *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)). Rule 60(b)(5) authorizes the Court to relieve a party from a final order or judgment "where it is no longer equitable that the judgment should have prospective application." Finally, Rule 60(b)(6) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." "Rule 60(b)(6) has been described by this court as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver*, 952 F.2d at 1244 (quotation and internal quotation marks omitted). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).

Here, it appears that Defendants are requesting relief under Rule 60(b)(4).[1]  I find that subpart (b)(4) does not apply because this Court had authority to enter judgment in favor of the Plaintiff and all related orders.  *See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)), cert. denied, 121 S. Ct. 2520 (2001) (Per Rule 60(b)(4), "[a] judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'").  Therefore, Defendants will prevail in the instant Motion only if they can demonstrate unusual and highly extraordinary circumstances sufficient to justify relief under subpart (b)(6).

"[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).  Extraordinary circumstances have been found to exist when, after the entry of the judgment, enforcement of the judgment was made inequitable by events not contemplated by the moving party. *Id.*; *see also LeBlanc v. Cleveland*, 248 F.3d 95, (2d Cir. 2001) (extraordinary circumstances were demonstrated under Rule 60(b)(6) where the plaintiff would be left without a remedy due to the running of the statute of limitations).  The district court has substantial discretion in a Rule 60(b)(6) motion. *Cashner*, 98 F.3d at 580.  In this Motion, Defendants reassert arguments that have already been rejected by both the Magistrate Judge and

---

[1] Magistrate Judge Tafoya correctly noted that Defendants could not seek relief under Fed. R. Civ. P. 60(b)(1), (2) or (3) as those subparts require a motion to be filed no more than a year after the entry of judgment.  In this case, judgment was entered more than two years ago on March 11, 2010.  (ECF No. 107).

me.  Thus, in these circumstances, I do not find any extraordinary justification for

Defendants' request.  Even under the most liberal consideration of Defendants' Motion,

I find no merit to the requested relief.  Accordingly, I find that Magistrate Judge Tafoya's

Recommendation is well-reasoned and proper, and  Defendants' objections are

overruled.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Tafoya

(ECF No. 151) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' "Mandatory Judicial Notice of Law to this Court;

Court Lacks Subject Matter Jurisdiction and Motion/Demand to Vacate Void Judgment"

(ECF No. 142) is **DENIED.**

Dated:  January 9, 2013

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
United States Senior District Judge